*JONATHAN EMERSON *versus* PROPRIETORS OF A TRACT OF LAND IN MINOT.

An action upon the covenant of warranty in a deed of land cannot be maintained without showing an eviction.

THIS was an action of *covenant*. The declaration contained two *counts*. The *first count* stated that the defendant, by *A*, *B*, and *C*, a committee of said proprietors duly authorized, &c., did, at ——, on the 10th day of Feb. 1800, in consideration of ——, paid by the plaintiff, by their deed, &c., convey and confirm to the plaintiff a certain tract of land [*described*] to hold to him, his heirs and assigns forever; and that the said *A*, *B*, and *C*, in their said capacity, and in the name and behalf of said proprietors, did covenant and engage with the plaintiff to *warrant and defend* the said granted premises to the plaintiff, his heirs, executors, and administrators, against the lawful claims or demands of any person or persons whatever; and averred that by a judgment of the Supreme Judicial Court, now in full force, and not reversed, rendered in the suit of the commonwealth against *Josiah Little*, at the term of the said court holden at *P.*, within and for the county of *Lincoln*, in the year 1799, in which suit the *Pejepscot-proprietors*, so called, were admitted to become a party with the said *Little*, the premises were adjudged to belong to said *Pejepscot-proprietors*, and are included in one of the parcels of land thereby adjudged to them; and that they, the same proprietors, now have a lawful claim and right to hold and enjoy the same by force of the judgment aforesaid; by reason whereof the plaintiff has lost all right thereto, and remains undefended against the claim aforesaid; and so their covenant aforesaid the defendants have not kept, but have broken the same.

The *second count* was similar to the first, excepting that the *breach* of the covenant was alleged, in that, at the time of exe-
[ * 465 ] cuting the deed aforesaid, *the defendants had no lawful right or title to the premises, but that the *Pejepscot-proprietors*, at that time and long before, were seised in fee of the premises, and that a claim thereby now existed in the same proprietors to have, hold and enjoy the same accordingly, and against the same claim he, the plaintiff, remains undefended.

The defendants pleaded, *First*, that their covenant aforesaid they had not broken in manner and form as the plaintiff had declared against them, but had kept the same; and thereof put themselves on the country; and the plaintiff joined the issue; *Secondly*, that long before the execution of the deed from the defendants to the

plaintiff, *viz.*: on the ——— day of ———, the commonwealth were seised and possessed of a certain tract or parcel of land, (*describing it,*) in which tract there was and is included the premises conveyed by the defendants to the plaintiff, and granted the same to the defendants; and that they had good right to make the deed to the plaintiff; and averred that by the *judgment* aforesaid, the *Pejepscot-proprietors* acquired no right nor title to the premises conveyed by the defendants to the plaintiff, nor had any lawful claim to hold or enjoy the same premises by virtue of said judgment, and concluded with a verification; and *Thirdly*, a plea similar to the second, excepting only that, after setting forth their right to make the deed to the plaintiff, they traversed thus, *viz.*: that the said *Pejepscot-proprietors*, at the time of making and executing said deed as aforesaid, or at any time before or since, were seised in fee of the premises in said deed described and set forth, or any part thereof, or had any lawful claim or title thereto, as the plaintiff, in his declaration, has alleged.

To the second plea the plaintiff replied that the said *Pejepscot-proprietors* now have a lawful claim and right to hold and enjoy the premises by force *and virtue of said [ * 466 ] judgment, and that he, the plaintiff, has lost all right thereto, and remains undefended against the claim aforesaid, as he in the first count of his declaration has alleged; and this he prays may be inquired of by the country, on which issue was joined.

To the third plea, the plaintiff replied, that the said *Pejepscot proprietors*, at the time when the said deed was executed, and long before, were seised in fee of the premises, and a claim thereby now exists in the same proprietors to have, hold and enjoy the same accordingly; and against the same claim he, the plaintiff, remains undefended, as he in the second count of his declaration has alleged; and this he prays, &c., on which issue was likewise joined.

The cause came on for trial on the second day of this term, before SEWALL, J., who was of opinion that in an action upon the covenant of warranty, the only covenant in the deed declared on, an actual eviction must be proved in order to maintain the action. He said that, in *England*, the effect of such a covenant was to enable the grantee, if sued for the land, to vouch the grantor or his heirs to warranty. *Here* we had gone further, and had considered this as a *personal* covenant, upon which an action would lie against the warrantor; but still we must resort to the *original* meaning of the covenant to determine when such action lies. That as the effect *there* was to enable the grantor to call upon the warrantor to defend the title, so, by a clear analogy, when we *here* authorize an action to be brought upon this covenant, it must be upon an *eviction*

by elder and better title. He was therefore clearly of opinion that the plaintiff had not stated any cause of action. But the cause was postponed till the next morning, to have the opinion of the other judges. The next day, *Sedgwick*, *Sewall* and *Thacher*, justices, being in court,

[ * 467 ]      * THACHER, J., said he was clearly of opinion that no action could be maintained on this covenant without showing an eviction.

SEWALL, J., said he retained the opinion which he had expressed the day before. No eviction is alleged ; the declaration is therefore wholly insufficient ; and the pleadings are immaterial.

SEDGWICK, J., said that he concurred, without a particle of doubt. This covenant has been for some time considered, *here*, as a personal covenant. If it be so, then it is in fact and in essence a covenant for quiet enjoyment ; on which no action can be maintained till disturbance in that enjoyment. The plaintiff has shown none, and therefore has shown no cause of action.

The plaintiff had leave to discontinue.

*Solicitor-General* (*Davis*) and *Bradbury* for the plaintiff.

*Chase* and *E. Whitman* for the defendants.